UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA PRATT,<br><br>                         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                         Respondent. | Case No.:  16CV2165, 14CR3308-AJB<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

     Presently before the Court is Petitioner Sonya Pratt's ("Petitioner") motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 35.) The Court has fully considered this matter, including a review of Petitioner's brief and the authorities cited therein. For the reasons set forth below, the Court **DENIES** Petitioner's motion.

## FACTUAL BACKGROUND

     On December 9, 2014, Petitioner pled guilty to importation of 100 grams or more of heroin and importation of 500 grams or more of methamphetamine in violation of Title 21 U.S.C. §§ 952 and 960. (Doc. No. 28 at 3.)[1] Petitioner was sentenced to sixty (60) months in custody and three (3) years of supervised release. (Doc. No. 34.)

---

[1] All docket citations are in reference to case number 14CR3308. Page numbers are in reference to the automatically generated CM/ECF page numbers and not the page numbers on the original document.

The facts leading up to Petitioner's arrest and subsequent guilty plea are as follows. On September 30, 2014, Petitioner applied for entry into the United States from Mexico at the San Ysidro, California, Port of Entry. (Doc. No. 28 at 3.) Petitioner was driving a Kia Sportage with her two minor daughters, ages eleven and fifteen, in the car. (*Id.*) The Customs and Border Protection officer inquired if Petitioner had anything to declare, to which Petitioner answered no. (*Id.*) Noticing that Petitioner was exhibiting signs of nervousness, the officer conducted an inspection of the vehicle and found signs of tampering on the undercarriage of the passenger side. (*Id.*) The combination of these events led the officer to refer the vehicle to the secondary lot for more intensive examination. (*Id.*)

At the secondary lot, the vehicle was screened by a narcotic detector dog. (*Id.*) The dog alerted the officers to a narcotic odor emanating from beneath the rear seat. (*Id.*) After, further inspection, a non-factory compartment was found under the backseat that contained eleven concealed packages. (*Id.*) Field tests of the contents of the packages revealed that ten of the packages contained methamphetamine, weighing 7.40 kilograms, and one package contained heroin, weighing .94 kilograms. (*Id.*)

The case agent noted that during questioning, Petitioner stated that she drove the vehicle every day and that there was only one set of keys for the vehicle. (*Id.* at 4.) Petitioner also claimed that the vehicle was recently in the shop. (*Id.*) During further questioning, Petitioner eventually told agents that she wanted to wait for a lawyer before making any more statements. (*Id.*)

## **PROCEDURAL BACKGROUND**

On December 9, 2014, pursuant to a written plea agreement, Petitioner pled guilty to a single count information charging Petitioner with violation of Title 21 U.S.C. §§ 952 and 960. (Doc. No. 24 at 2.) Pursuant to the plea agreement, Petitioner waived "any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel." (*Id.* at 11-12.) Petitioner further agreed to waive "any right to appeal or to collaterally attack the sentence unless the Court: (1) denies defendant's request for a minor role reduction

2

pursuant to USSG § 3B1.2(b), in which case defendant may only appeal the denial of minor role . . ." (*Id*. at 12.) The plea agreement further stated that "[Petitioner] has fully discussed the facts of this case with defense counsel" and "admits that there is a factual basis for this guilty plea." (*Id*. at 3-4.)

On February 24, 2015, Judge Battaglia sentenced Petitioner to sixty (60) months in prison and three (3) years of supervised release. (Doc. No. 34.) For sentencing, the pre-sentence report provided by Chelsea Johnson, the U.S. Probation officer assigned to the case, set Petitioner's base offense level at thirty-four (34). (Doc. No. 28 at 5.) A two (2) level upward adjustment was then applied pursuant to USSG § 2D1.1(b)(5) as the offense involved the importation of methamphetamine. (*Id*.) The report notes that Petitioner had more than one criminal history point and thus did not meet all the criteria under USSG § 5C1.2. (*Id*.) Petitioner then received a downward adjustment of two (2) and one (1) for acceptance of responsibility under USSG § 3E1.1(a), and for assisting authorities in the investigation or prosecution of Petitioner's own misconduct by timely notifying authorities of the intention to enter a plea of guilty under USSG § 3E1.1(b). (*Id*.) No adjustment for role in the offense was made as the pre-sentence report states that only minimal information was known about Petitioner's involvement in the case. (*Id*.) According to the case agent, Petitioner did not discuss her role in the offense at the time of her arrest, and did not discuss the offense during the presentence interview on the advice of counsel. (*Id*.) The pre-sentence report thus set Petitioner's total offense level to a thirty-three (33). (*Id*.) The pre-sentence report recommended that Petitioner serve ninety-six (96) months in custody with four (4) years of supervised release. (*Id*. at 16.)

On August 26, 2016, Petitioner filed the instant motion to vacate, correct, or set aside her sentence based on her alleged "minor role" in the offense. (Doc. No. 35 at 1.) The government did not file an opposition.

## LEGAL STANDARD

A federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence if "the sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979). If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). "Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981).

## DISCUSSION

Here, because Petitioner's plea agreement expressly contained a waiver of her right to appeal or collaterally attack her sentence, Petitioner bases her 28 U.S.C. § 2255(a) motion on the contention that Petitioner should have receive a downward adjustment for her alleged minor role in the offense pursuant to USSG § 3B1.2. (Doc. No. 35 at 1-2.)

USSG § 3B1.2 directs the court to decrease the offense level in two circumstances: (1) If the defendant was a minimal participant in any criminal activity, decrease by four levels; and (2) if the defendant was a minor participant in any criminal activity, decrease by two levels. U.S.S.G § 3B1.2.

In support of her motion, Petitioner cites to *United States v. Quintero-Leyva* and Amendment 794, which provided five factors courts should use to determine whether a defendant should be granted a minor role reduction. *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). In addition, Petitioner claims that she had "no role in setting up the deal, no role in negotiating the price of the drugs, and no knowledge of where the drugs were going." (Doc. No. 35 at 2.) Furthermore, Petitioner avers that she did not have the name of the person who owned the drugs as she was recruited into the conspiracy as an

"ordinary member with a very limited role of the typical courier." (*Id.*)

Unfortunately, for Petitioner, Amendment 794 is inapplicable to the present matter as Petitioner's sentence of sixty (60) months in custody is the mandatory minimum term of imprisonment for her crimes to which she pled guilty. 21 U.S.C. § 952; 21 U.S.C. § 960(b)(2). (Doc. No. 27.) Under § 960(b)(2) the statutory minimum term of imprisonment for Petitioner's crime is not less than five years, and not more than a maximum of forty years. 21 U.S.C. § 960(b)(2). A defendant is subject to relief from the mandatory minimum sentence under USSG § 5C1.2, which states that a court can "impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence" if a defendant satisfies five criteria: (1) the defendant does not have more than 1 criminal history point . . . ; (2) the defendant did not use violence . . . ; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense . . . ; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses . . . U.S.S.G. § 5C1.2(a)(1)-(5). Regrettably, Petitioner has more than one criminal history point,[2] and thus does not meet all the criteria under USSG § 5C1.2. As a result, when the Court sentenced Petitioner to sixty (60) months[3] in prison, the Court was unable to deviate from the mandatory minimum sentence provided by 21 U.S.C. § 960(b)(2). Accordingly, Petitioner's request for a minor role reduction is unfeasible.

Even if Petitioner was not subject to the mandatory minimum sentence, Petitioner's motion would fail on the merits. First, Petitioner's motion is untimely under § 2255. Such a motion must be brought within one year of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created

---

[2] Petitioner was charged with a variety of offenses in 1998, 2004, 2005, and 2006. (Doc. No. 28 at 6-8).
[3] The Court highlights that Petitioner's sentencing memorandum, submitted by her attorney at the time, Anthony E. Colombo Jr., asked the Court to impose the same sentence of sixty (60) months in custody. (Doc. No. 30 at 7-8.)

by governmental action in violation of the Constitution or laws of the United States is removed . . . ; (3) the date on which the right asserted was initially recognized by the Supreme Court . . . ; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Petitioner's judgment was final on December 9, 2014, almost two years before she filed the present motion on August 26, 2016. (Doc. No. 28 at 3; Doc. No. 35.) In addition, Amendment 794, cited by Petitioner to support her claim is not the "type of event that restarts the clock for the § 2255 statute of limitations." *See United States v. Valencia*, Case Nos. 13-CR-6029-EFS, 4:16-CV-5107-EFS, 2016 WL 4491848, at *2 (E.D. Wa. Aug. 25, 2016); *see also United States v. Yanez*, Case Nos. 13cr3515-LAB-1, 16cv1964-LAB, 2016 WL 4248541, at *1 (S.D. Cal. Aug. 11, 2016). Accordingly, Petitioner's motion is untimely.

Next, it is notable to establish that Petitioner is not arguing that her sentence was imposed in violation of U.S. law or was illegal when imposed. Instead, Petitioner is claiming that she should be given the retroactive benefit of Amendment 794. *Quintero-Leyva*, 823 F.3d at 523. (Doc. No. 35 at 5.) This type of claim should be brought under 18 U.S.C. § 3582 and not § 2255. *See Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995) (holding that a § 2255 claim can be based only on a claim of constitutional error, an error resulting in a "complete miscarriage of justice," or a "proceeding inconsistent with the rudimentary demands of fair procedure") (citing *Timmreck*, 441 U.S. at 783–84).

Nevertheless, even if Petitioner's motion were properly brought under § 2255 the Court notes that at the time of sentencing, Petitioner provided the Court with no information regarding her role in the offense. (Doc. No. 28 at 5.) Petitioner now claims that her role in the conspiracy was less culpable and thus she should be granted a downward departure for minor role. (Doc. No. 35 at 1.) Specifically, Petitioner argues in her motion that as she did not receive an "enhancement under the leader/organizer/managerial provision" that she is thus deserving of a "reduction of sentence for her minimal participation." (*Id.* at 4.) However, Petitioner is not entitled to a minor role adjustment

"merely because [she] is not a leader or organizer and is less culpable than other participants." *See United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991) (no minor role adjustment for drug courier despite defendant stating that he was a "one time drug courier" and exhibited a "total lack of knowledge or understanding of the scope and structure of the enterprise"); *see also United States v. Acosta*, 176 F. App'x 755, 756 (9th Cir. 2006) (finding that defendant's assertion that he was a mere courier did not entitle defendant to a minor role adjustment). Finally, Courts have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction. *See United States v. Sanchez-Lopez*, 879 F.2d 541, 557–58 (9th Cir. 1989).

Lastly, Petitioner bears the burden of proving the applicability of a minor role adjustment by a preponderance of the evidence. *See United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir. 1994) (citing *United States v. Sanchez*, 908 F.2d 1443, 1449 (9th Cir. 1990)). The district court's task is to compare Petitioner's conduct, including relevant conduct, to that of other co-participants in the scheme. *See United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006). Here, Petitioner only provides the Court with brief and conclusory statements to support her contention that she played a "limited" role in the conspiracy. (Doc. No. 35 at 2.) Thus, even if Petitioner properly brought this motion under § 2255, because Petitioner has not met her burden, the Court would be unable to use the five factors provided by *Quintero-Leyva* and Amendment 794 to determine whether Petitioner qualifies for a minor role reduction.

Accordingly, in light of the applicable legal principles, the limited evidence before the Court, and the factors explained above, the Court finds that Petitioner was properly sentenced to sixty (60) months in custody pursuant to the mandatory minimum sentence established by 21 U.S.C. § 960(b)(2) and that a downward adjustment for minor role is inappropriate in the instant matter.

///

///

///

## <u>CONCLUSION</u>

Based on the foregoing, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

Dated:  November 30, 2016

Hon. Anthony J. Battaglia
United States District Judge

16CV2165, 14CR3308-AJB